IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COMMUNITY HEALTH GROUP, ) | |
| DALE K. RAMSEY, THOMAS J. LANGENBERG ) | |
| and MICHAEL KERR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-00708-CV-W-DW |
| ) | |
| FRANCISCO GARCIA-FERRER, M.D., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiffs' Motion to Dismiss Counterclaim (Doc. 15). For the following reasons the Court grants the motion.

I.   Background

Plaintiff Community Health Group ("CHG") is a named fiduciary of the Health Midwest Retirement Reserve Plan ("Plan"). Plaintiffs Dale K. Ramsey, Thomas J. Langenberg, and Michael Kerr are the members of the Retirement Committee, which serves as the Plan Administrator and a named fiduciary with respect to the Plan. Defendant Francisco Garcia-Ferrer ("Garcia-Ferrer") is a participant in the Plan. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

On December 27, 1999, Defendant received a lump-sum distribution from the Plan in the amount of $235,169.17, which Plaintiffs allege represented the full amount of the account balance due under his pension at that time. On June 16, 2004, the Plan sent the Defendant a second distribution check in the amount of $292,973.37. Plaintiffs allege that this second distribution was erroneous in that it should have only been in the amount of $29,654.15. In his Answer, Defendant

admits the distribution amounts, but states that he is without knowledge or information as to their accuracy. Defendant seeks, as a counterclaim, recovery of any tax assessment, penalty or interest that may result if it is determined that erroneous distributions were made and monies must be returned to the Plan. Defendant also seeks attorney fees and costs incurred as a result of Plaintiffs' errors in maintaining the Plan records and calculating distributions from the Plan. Plaintiffs argue that Defendant's counterclaims seek remedies not recognized under ERISA.

II.     Standard

In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. Botz v. Omni Air Int'l, 286 F.3d 488, 489 (8th Cir. 2002); Russell v. Men's Wearhouse, Inc., 170 F.3d 1156, 1157 (8th Cir. 1999). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 71 (1984); Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999). At the very least, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

III.    Defendant's Counterclaims

    A.     Attorney Fees

Plaintiffs move the Court to dismiss Defendant's "counterclaim" for attorney fees because it is not a cause of action found under 29 U.S.C. § 1132(a) and because the ERISA fee-shifting provision, 29 U.S.C. § 1132(g), is limited by its own text to "any action under this title." Plaintiffs apparently do not dispute that ERISA's fee-shifting provision unambiguously gives the district court

discretion to award attorney fees to either party. "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney fee and costs of action *to either party*." 29 U.S.C. § 1132(g)(1); see Martin v. Arkansas Blue Cross and Blue Shield, 299 F.3d 966, 969 (8th Cir. 2002). Therefore, the Court construes Plaintiffs' argument as precluding Defendant's request for attorney fees *as a counterclaim*. To this extent, the Court agrees. Of course, Defendant is still free to *move* for attorney fees at the appropriate time. Thus, Plaintiffs' motion to dismiss is granted with respect to Defendant's counterclaim for attorney fees.

B.  Adverse Tax Consequences

Plaintiff argues that Defendant's adverse-tax-consequences counterclaim is for monetary damages and, therefore, is not authorized under ERISA's equitable relief provision. 29 U.S.C. § 1132(a)(3)(B).[1] Specifically, Plaintiff argues that the Eighth Circuit has held ERISA precludes the recovery of financial losses consequential to a breach of fiduciary duty by the plan administrator. See, e.g., Novak v. Andersen Corp. 962 F.2d 757 (8th Cir. 1992) (finding no ERISA cause of action to recover money damages for adverse tax consequences resulting from breach of fiduciary duty to inform beneficiary of "roll-over" option); Kerr v. Charles F. Vatterott & Co., 184 F.3d 938 (8th Cir. 1999) (finding no ERISA cause of action to recover money damages for "lost opportunity cost" of return on wrongfully withheld plan payments).

The key question is whether the nature of his "protective" counterclaim for any adverse tax

---

[1] The relevant part of 29 U.S.C. § 1132(a)(3) provides:
(a) Persons empowered to bring a civil action
A civil action may be brought--
...
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

3

consequences is "restitutionary," which is permitted, or "compensatory damages" which are prohibited. Howe, 36 F.3d at 755 ("[A]fter Mertens, compensatory damages are not recoverable under Section 1132(a)(3).").

Defendant argues that "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3)(B) includes the return of beneficiaries to the status quo before the breach of fiduciary duty by the plan administrator. See, e.g., Howe v. Varity Corp., 36 F.3d 746, 754-55 (8th Cir. 1994). Defendant's reliance on Howe is misplaced. In Howe, various classes of individuals recovered past-due benefits and reinstatement after being fraudulently induced to leave the plan by the defendants. Although the court used the phrase "return the beneficiaries to the status quo," this was in the context of restoring past-due benefits. Read in this way, the holding in Howe is consistent with the holding in Novak—both cases limit recovery to benefits due under the respective plans. The Howe Court also analogized an award of past-due benefits to an award of back pay under Title VII, "relief uniformly regarded as equitable." Howe, 36 F.3d 757.

In Kerr, the Eighth Circuit further clarified the distinction between equitable restitution and compensation that is merely restitutionary:

> A restitutionary award focuses on the defendant's wrongfully obtained gain while a compensatory award focuses on the plaintiff's loss at the defendant's hands. Restitution seeks to punish the wrongdoer by taking ill-gotten gains, thus, removing his incentive to perform the wrongful act again. Compensatory damages on the other hand focus on the plaintiff's losses and seek to recover in money the value of the harm done to him.

Kerr, 184 F.3d at 944. This is consistent with the holding in Howe where the past-due benefits retained by the defendants amounted to a "wrongfully obtained gain" and the award of past-due benefits to the plaintiffs was equitable restitution.

In contrast, Garcia-Ferrer does not claim lost benefits payable under the Plan. He seeks any

4

losses he may incur as a result of the duplicate payment by and subsequent return of monies to CHG—a "plaintiff's loss at the defendant's hands." If CHG recovers the sums allegedly overpaid to Garcia-Ferrer, it will have gained nothing—CHG will have paid out the balance of Garcia-Ferrer's account and reserved no unjust benefit to itself. Because CHG has no gain, there is nothing to disgorge. Thus, Garcia-Ferrer's claim is not a claim for restitution and is outside the scope of equitable relief available under § 1132(a)(3)—claims seeking the "classic equitable remedies"—injunction, restitution and mandamus.

IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to dismiss both Defendant's counterclaim for adverse tax consequences that may result from any breach of the Plan by Plaintiff and Plaintiff's counterclaim for attorney fees.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date: November 28, 2005